Staples, J.
The construction proper to be given to the 31stsection, chap. 151, Code of 1860, is too plain to admit of doubt. In terms it applies only to personal property capable of being levied on and taken *542 into the custody of the attaching officer, It has no application to the attachment lien upon the estate of - the debtor,- whether it be real or personal or choses in action. "When the appeal bond provided for in that section is given, the officer in whose custody the property may be is required to restore the same to the possession of the owner; but the lien resulting from a proper levy of the attachment, is in no manner affected or impaired by the execution of the bond. If the debtor desires to discharge the lien of the attachment, he can only accomplish that object by giving bond in conformity with the provisions of the 18th section, to perform the judgment or decree of the court. The condition of the appeal bond given by the appellant in “Magill v. Manson,” is, that the appellant shall perform and satisfy the decree of the court, should the same be confirmed, or the appeal and supersedeas be dismissed; and also pay all costs and damages which may be awarded against her.
That decree having been reversed at this term, and the cause remanded to the Chancery court of the city of Richmond for further proceedings, the appeal bond lias discharged its functions, and no longer imposes any obligation upon the parties. The rights of Manson, however, with reference to his attachment, are not affected by such reversal. On the contrary, this court has decided that the Circuit court committed no error in refusing to dismiss the attachment.
But if the appeal bond has the effect claimed, Manson, with the decree of this court sustaining his attachment, has lost the security it afforded him, because the Circuit court erred in pronouncing a decree on the merits, instead of directing an issue to be tried by a jury. According to this logic, the appeal bond discharges the lien of the attachment, and the reversal of the decree discharges the appeal bond, so that the ere *543 <ditor is in a worse condition than.lie would have been without a decree in his favor.
A construction which leads to such results should never be adopted unless required by the imperative language of the statute. The necessary consequence ■of this view is, that the Circuit court did not err in refusing, in this case, to dissolve the injunction. A sale of the trust subject, and payment of the proceeds to the appellant, would not release the appellee, Sauer, ■from his liability to Manson, the attaching creditor, ¡should the latter succeed in establishing his claim •against the appellant.
Under these circumstances the interference of a court of equity was proper to prevent a sale until the ■final adjudication of the matters in controversy be tween the parties in the case of “Magill v. Manson.” Any inconvenience or loss which the appellant may •sustain in the meantime, in being deprived of her property, can be easily averted by giving bond to perform the decree of the court, aceording to the provisions of the 13th section, chap. 151, Code of 1860.
For these reasons I am of opinion the decree of the Circuit court, refusing to dissolve the injunction, is .right, and should be affirmed with costs.
The other judges concurred in the opinion of Staples, J.
Decree affirmed.